Norma E. Ortiz                                          Hrg. Date:    Nov. 10, 2014
Ortiz & Ortiz, L.L.P.                                       Time:      10:30 a.m.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. 718.522.1117
Fax. 718.596.1302

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re
                                                                        CASE NO. 14-44597-ess


GEOFFREY JAMES,
                                                                        CHAPTER 13
                                Debtor.

--------------------------------------------------------x

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HON. ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

      Geoffrey James (the "Debtor"), by his attorneys Ortiz & Ortiz, L.L.P., hereby submits

this response to Flushing Bank's (the "Movant") Motion Pursuant to Section 362(d) of the

Bankruptcy Code for an Order Granting Relief From the Automatic Stay (the "Motion"). In

support of his response, the Debtor represents as follows:

### BACKGROUND

      1.     The Debtor holds title to a mixed-use property located 718 Pennsylvania Avenue,

Brooklyn, New York (the "Property"). The Property is encumbered by a first mortgage held by

the Movant. The principal balance due on the first mortgage note ("Note") is $539,627.44.

      2.     Because of, among other things, a series of tenant-related problems, the Debtor

fell behind on his mortgage payments to the Movant. The Movant commenced a foreclosure

action against the Debtor in the fall of 2013. A copy of the answer filed by the Debtor in the

foreclosure action is annexed hereto as Exhibit A.

3.      The Debtor has fully rented the Property, including renting the first floor office space to a councilman.  He moved out of the Property, and presently collects a rent roll of approximately $9,100 a month.  The monthly mortgage payment is $5,028.71 a month.

4.      The Debtor has paid the Movant the October post-petition payment, and shall tender the November payment this week.  He intends to amend his plan to increase plan payments.  The Debtor has enough disposable to satisfy the past-due mortgage arrears, utilizing the non-default rate of interest, and pay his unsecured creditors in full.  However, it is the additional charges that are in dispute.

5.      The Movant has filed a proof of claim that asserts, among other things, it is entitled to repayment of the following:

–       $52,119.05 in unpaid interest payments for the period of May 2013 through September 2014 at a rate of 7.25%

–       $115,851.27 of default interest for the same period – from June 2013 through September 2014 – at the rate of 16.875%

–       late charges of $16,228.14

–       legal fees of $28,559.43

--      pre-payment penalty of $5,396.27

6.      The Debtor has filed a plan that pays $120,000 over 60 months.  He intends to amend his schedules and increase that plan payment to ensure that he commits all of his disposable income to the plan.

<u>RESPONSE</u>

7.    The Debtor believes that once the amount due to the Movant is set by the Court, he can seek confirmation of an amended plan that satisfies the provisions of Chapter 13 of the Bankruptcy Code.

8.    The Debtor disputes the amount sought by the Movant because, among other things, he asserts that the amount sought for default interest is tantamount to a penalty.  In addition, as he asserted before the state court in the annexed answer, he asserts he was not a sophisticated investor when he signed the Note.  In fact, the Debtor has previously asserted that the Movant engaged in overreaching when providing the Debtor with the Note.  Under these circumstances, the Court may find that the amount due to the Movant is significantly less than the amount asserted in its proof of claim and in the Motion.

9.    Therefore, if the Court finds that the amounts sought by the Movant are notably lower than the amounts set forth in the Motion and the Proof of Claim, the Movant has not met its burden under 11 U.S.C. § 362(d).

10.    First, the Debtor's current payments to the Movant constitute adequate protection of the Movant's interest in the Property.  Second, the Court may find that the Debtor does have equity in the Property.

11.    For these reasons, the Court should permit the parties to engage in discovery to determine the issues raised herein.

WHEREFORE, the Debtor requests that the Court adjourn the Motion, and permit the

3

parties to engage in discovery, and grant such other and further relief as the Court deems

appropriate.

New York, New York
November 3, 2014

*Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. 718.522.1117
Fax. 718.596.1302
Email@ortizandortiz.com