| | |
|---|---|
| ORTIZ & ORTIZ, L.L.P. | Hearing Date:  January 6, 2015 |
| 32-72 Steinway Street, Suite 402 | Time:  9:30 a.m. |
| Astoria, New York 11103 | |
| Norma E. Ortiz | |
| Tel. (718) 522-1117 | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                                  Case No.: 14-44597-ess

GEOFFREY M. JAMES,
                                                                                            Chapter 13
                                    Debtor.
---------------------------------------------------------x

### NOTICE OF HEARING ON DEBTOR'S OBJECTION TO CLAIM
### NUMBERED 2 OF FLUSHING SAVINGS BANK

**PLEASE TAKE NOTICE,** that upon the annexed objection dated November 19, 2014 (the "Objection"), of Geoffrey M. James (the "Debtor"), the undersigned will move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the United States Bankruptcy Court of the Eastern District of New York, 271 Cadman Plaza, Brooklyn, New York 11201, on the 6th day of January, 2015 (the "Hearing Date"), at 9:30 a.m., or as soon thereafter as counsel may be heard, for the entry of an order pursuant to Section 502 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), disallowing a portion of the secured Claim 2 of Flushing Savings Bank.  The Debtor may request such other and further relief as is just and equitable at the hearing.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE**, that any response to the Objection must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at

www.nyeb.uscourts.gov.  If you do not have the ability to file an objection electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved on a diskette or compact disk in .pdf format by the date stated above.  A copy of the objection must be provided to (a) the Chambers of the Honorable Elizabeth S. Stong, and (b) Ortiz & Ortiz, LLP, 32-72 Steinway Street, Suite 402, Astoria, New York  11103, so as to be received no later than seven (7) days before the hearing.  The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated: Nov. 19, 2014
      Astoria, New York

                *S/Norma E. Ortiz*
                Norma E. Ortiz
                ORTIZ & ORTIZ, L.L.P.
                32-72 Steinway Street
                Astoria, New York 11101
                Tel. (718) 522-1117
                Debtor's Counsel

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York  11103
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                 Case No.: 14-44597-ess

GEOFFREY M. JAMES,
                                                                            Chapter 13
                          Debtor.
---------------------------------------------------------x

**DEBTOR'S OBJECTION TO CLAIM**
**NUMBERED 2 OF FLUSHING SAVINGS BANK**

TO THE HONORABLE ELIZABETH S. STONG,
UNTIED STATES BANKRUPTCY COURT:

Geoffrey M. James (the "Debtor"), by his attorneys Ortiz & Ortiz, L.L.P., hereby objects to the Proof of Claim Numbered Two (2), filed by Flushing Savings Bank (the "Creditor"). In support thereof, the Debtor states as follows:

**Background**

1. The Debtor filed a voluntary Chapter 13 petition on September 9, 2014.

2. The last date for filing claims in this case is March 9, 2015.

3. The Creditor filed Proof of Claim No. 2 (the "Claim") on September 29, 2014, in the amount of $776,022.68.  A copy of the Claim is annexed as Exhibit A.

A. The Debtor

4. The Debtor is an employee of the New York City Transit Authority. He has been employed by that agency for 29 years. The Debtor did not complete his high school education before obtaining his position with his employer. He was born and educated outside of the United

States, in Guyana.

5. The Debtor has been greatly unsuccessful in his attempts to build wealth through the purchase and sale of real estate. The Debtor first purchased what he describes as his former marital home in 1984. He purchased that property for $53,500 with a $2,500 deposit. He transferred that property to his ex-wife in 2004 as part of a divorce settlement and received no consideration for the transfer.

6. Between 2004 and 2012, the Debtor unsuccessfully acquired and transferred seven parcels of property other than the property known as 718 Pennsylvania Avenue, Brooklyn, New York (the "Building"). Of these seven purchases, he made a profit on one parcel of property of approximately $50,000. He lost one property in a foreclosure sale and was forced to short-sell another property. He held title nominally in one parcel, and made no economic investment in that purchase.

7. The Debtor believes he was defrauded by a broker in connection with the sale of two of the aforesaid properties.

B. The Acquisition of the Building

8. The Debtor purchased the Building with the assistance of a mortgage broker. The mortgage broker recommended that the Debtor obtain a loan from the Creditor to acquire the Building.

9. The Debtor believes that he was misled by the broker, and convinced to enter into a highly unfavorable loan with the Creditor. The Debtor was not informed of the true nature and terms of the loan he obtained from the Creditor until the date of the closing on the Building. However, at that point, he believed it was too late to seek another loan. A copy of the answer he

filed with the state court in response the Creditor's foreclosure complaint, which sets forth his defenses, is annexed hereto as Exhibit B. The answer sets forth the numerous allegations raised by the Debtor in the state court, including the allegation that he was a victim of predatory lending and racial profiling, in defense of the foreclosure action.

10.     When the Debtor obtained the $581,000 mortgage loan from the Creditor, he was earning $58,000 a year.

A. The Claim

11.     The Creditor asserts its Claim is secured by the Building.

12.     The Claim includes a request for repayment of the following:

| | |
|---|---|
| Principal Balance | 539,627.44 |
| Interest at 7.125% (from May 2013 to Sept. 2014) | 52,119.05 |
| Default Interest at 16.875% (from June 2013 to Sept. 2014) | 115,851.27 |
| Unpaid NSF Fees | 100.00 |
| Escrow Deficit | 17,372.08 |
| Unpaid Late Charges | 16,228.14 |
| 1% Prepayment Fee | 5,396.27 |
| Property Inspection Fee | 594.00 |
| Recording Fee | 175.00 |
| Legal Fees and Costs | 28,559.43 |
| Total Amount Due | 776,022.68 |

13.     The Debtor concedes, among other things, that the Note provides for the payment of legal fees and an exorbitant amount of default interest.

**OBJECTION**

14.     By this Objection, the Debtor seeks an order under 11 U.S.C. §§ 102(1), 105(a), 502(b), 506(a) and Fed. R. Bankr. P. 3007 determining that a portion of the Creditor's claim

should be disallowed.

15.     **Default Interest**:  Under the circumstances of this case, the default interest sought should be disallowed.  First, the Debtor asserts that the Creditor is undersecured.  Second, the interest arrears sought, in the amount of $52,119.0 for a 17 month period, already include the high rate of interest at 7.125%, and should adequately compensate the Creditor.  Third, the Court should find that the additional charge of interest on interest, at the exorbitant rate of 16.875%, constitutes a penalty under the circumstances of this case.   In fact, the additional charge of $115,851.27 for 16 months of defaulted payments borders on the unconscionable.  Fourth, as set forth in Exhibit B, the Note at issue strongly suggests that the Debtor was the victim of predatory lending and the Debtor was not a sophisticated borrower.  Finally, permitting the Creditor to collect the default interest would adversely impact the other creditors of this estate.

16.     The Debtor acknowledges that the general rule is that a creditor may recover interest at the rate set forth in the contract executed between the borrower and lender.  E.g., In re Milham, 141 F.3d 420, 423 (2d Cir. 1998); In re 785 Partners LLC, 470 B.R. 126, 131 (Bankr. S.D.N.Y.2012).  However, the Court may find that the circumstances of an individual case justify the application of an exception to that rule.  The Debtor submits that such circumstances exist in this case.  See, e.g., Ruskin v. Griffiths, 269 F.2d 827, 831-832 (2d Cir, 1959) (suggesting, among other things, that if a debtor is insolvent and the default interest may adversely affect creditors, court may consider disallowance or reduction.)

17.     **Attorneys Fees and Related Costs**:  The Creditor seeks payment for the following fees and costs that are not documented in the proof of claim and appear unreasonably high:

| | |
|---|---:|
| Legal Fees and Costs | 28,559.43 |
| Unpaid Late Charges | 16,228.14 |
| 1% Prepayment Fee | 5,396.27 |
| Property Inspection Fee | 594.00 |

Unless the Creditor further substantiates the propriety of these additional charges, these charges should be disallowed.

## Reservation of Rights

18.     The Debtor reserves the right, if necessary, to amend, modify, or supplement the objections raised herein, or raise additional objections, based upon information discovered during the claims resolution process.

WHEREFORE, the Debtor respectfully requests entry of an order disallowing that portion of the claim set forth above, and granting any further relief deemed just.

Dated:  Astoria, New York
        November 19, 2014

                                        *S/Norma E. Ortiz*
                                        Norma E. Ortiz, Esq.
                                        ORTIZ & ORTIZ, L.L.P.
                                        32-72 Steinway Street, Suite 402
                                        Astoria, New York 11103
                                        Tel. (718) 522-1117

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York 11103
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                               Case No.: 14-44597-ess

GEOFFREY M. JAMES,

                                                                                                 Chapter 13

                      Debtor.

---------------------------------------------------------x

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NUMBER 2

Upon the objection (the "Objection") of Geoffrey M. James (the "Debtor") dated November 19, 2014, for the entry of an order, pursuant to 11 U.S.C. §§ 105(a), 502(b), 506(a) and Fed. R. Bankr. P. 3007, disallowing a portion of Claim 2 filed by the Flushing Savings Bank (the "Creditor"); it is hereby

ORDERED, that the Objection is granted in all respects; and it is further

ORDERED, that pursuant to 11 U.S.C. §§ 105(a), 502(b), 506 (a) and Fed. R. Bankr. P. 3007, that portion of the Creditor's claim seeking default interest, legal fees and costs, a prepayment fees, property inspections, and late charges is disallowed.

Dated: Astoria, New York
        November    , 2014

                                                                            _____
                                                                            ELIZABETH S. STONG
                                                                            U.S. BANKRUPTCY JUDGE