# Ortiz & Ortiz, L.L.P.

Attorneys at Law
32-72 Steinway Street, Suite 402
Astoria, New York 11103

Frank A. Ortiz

Norma E. Ortiz*

_____

Martha J. de Jesus*
 * (Admitted in New York and New Jersey)

Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com

January 28, 2015

Hon. Elizabeth S. Stong
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

**Re:    Geoffrey M. James**
**Case No. 14-44597**

Dear Judge Stong:

The above-referenced Debtor objected to, among other things, that portion of the proof of claim filed by Flushing Savings Bank (the "Bank") that seeks default interest at a rate of no less than 24%. Your Honor provided the Debtor with the opportunity to set forth in a letter the decisional law that supports his contention that the Court may consider the sophistication and conduct of the parties to a mortgage loan agreement when determining whether or not the proposed default rate of interest set forth in the mortgagee's proof of claim should be allowed.

The Debtor referred the Court to the recent decision of In re Marcia Campbell, 513 B.R. 846 (Bankr. S.D.N.Y. 2014) in support of this proposition. In that case, the Court disallowed the default rate of interest because the creditor failed to properly accelerate the mortgage: not because of the rate of pre-petition default interest. However, in that decision, the court repeated its prior finding that when both parties to an agreement are sophisticated and there are no issues of overreaching, a high default rate of interest is not considered an impermissible penalty and should be upheld. Id at 850 (citing In re 785 Partners LLC, 470 B.R. 126, 131-32 (Bankr. S.D.N.Y. 2012); In re 243rd Street Bronx R & R LLC, 2013 WL 1187859 (Bankr. S.D.N.Y. 2013). As such, the court recognized that a court may consider these factors when determining whether or not an exorbitant default rate of interest should be disallowed in a particular case. See also In re Ne. Indus. Dev. Corp., 513 B.R. 825, 845 (Bankr. S.D.N.Y. 2014) ("The Debtor has not alleged that the terms were negotiated between unsophisticated parties or that there was any evidence of overreaching by HVB, the party with whom the Debtor originally entered into

the Note and Mortgage. Applying New York law, the Court finds no basis to disturb the parties' bargain as to the prepetition default interest.") (quotation omitted); In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 355 (Bankr. S.D.N.Y. 1995) ("[W]hen two sophisticated parties enter into a contract calling for an established rate on default, this Court will not disturb the agreement absent persuasive evidence of overreaching.").

In In re 243rd Street Bronx R & R LLC, the court summarized its view of the current state of the law in Chapter 11 cases[1] as follows:

> Section 1124 of the Bankruptcy Code "permits a debtor to reinstate debt in connection with confirmation of a Plan by curing any existing defaults and reinstating the maturity of the debt, without altering the legal, equitable or contractual rights of the debt holder." In re General Growth Properties, Inc., 451 B.R. 323, 327 (Bankr.S.D.N.Y.2011). The cure includes the payment of interest, and the general rule is that a creditor is entitled to claim prepetition interest at the contract rate as permitted under state law. In re 785 Partners LLC, 470 B.R. 126, 131 (Bankr. S.D.N.Y. 2012). Prepetition interest at the contract rate includes, ordinarily, the higher rate triggered upon an event of default and, where the parties to the agreement are sophisticated and there are no issues of overreaching, such higher rate is not considered a "penalty." Id. at 131–132. Under such circumstances, a creditor is able to claim prepetition default interest determined under state law. Id. at 133.

The court found that the parties to the agreement were sophisticated and there was no evidence of overreaching in connection with the agreement.

In this case, the Debtor asserts that he was a victim of predatory lending, was not a sophisticated party to this agreement, and did not receive required disclosures of information by the Bank before entering into the mortgage loan agreement. Should the Court agree with the aforesaid cases that find that there are circumstances under which pre-petition default interest may be disallowed, the Debtor requests that the Court provide him with the opportunity to prosecute his objection to the Bank's claim and conduct discovery to determine the viability of his claims against the Bank.

Thank you.

Very truly yours,

/s/ Norma E. Ortiz

Norma E. Ortiz

---

[1] The concept of curing defaults inherent in Section 1124 is analogous to the curing of defaults under Section 1322.