

**JASPAN SCHLESINGER** LLP
ATTORNEYS AT LAW

Frank C. Dell'Amore
Partner
516-393-8289
fdellamore@jaspanllp.com
REPLY TO GARDEN CITY OFFICE

January 30, 2015

**Via ECF**
Honorable Elizabeth S. Stong
US Bankruptcy Court, Eastern District of New York
271 Cadman Plaza East
Courtroom 3585
Brooklyn, New York  11201

    Re:   **In re Geoffrey M. James**
            **Chapter 13 Case No.: 14-44597-ess**

Dear Judge Stong:

    This firm represents Flushing Bank f/k/a Flushing Savings Bank, FSB ("Flushing"), a secured creditor with regard to the above-referenced case. This correspondence is submitted in response to the Debtor's letter, dated January 28, 2015 and filed on January 29, 2015 (the "Letter"), pertaining to the Debtor's claim that pre-petition default interest should be disallowed to Flushing.

    To avoid redundancy, Flushing respectfully refers the Court to its Response to the Debtor's Objection to its claim, filed on December 30, 2014 (Docket Entry No. 25), which sets forth the applicable law requiring a Chapter 13 debtor to pay all pre-petition default interest as a condition to curing default. *See* Docket Entry No. 25, ¶15-22. The Debtor does not dispute this well-settled principle and every case cited by the Debtor in the Letter actually bolsters Flushing's position. Rather, the Debtor appears to be arguing that he can avoid paying pre-petition default interest if he can establish that he was an unsophisticated real estate borrower/investor and if Flushing engaged in overreaching.

    It should be noted that none of the cases cited by the Debtor resulted in the court disallowing pre-petition default interest on the ground that the debtor was unsophisticated or the creditor engaged in overreaching. However, even if the law did permit a debtor to avoid paying pre-petition default interest on these grounds, the Debtor here could not avail himself of that exception.

    While the Debtor would like this Court to believe that he is an unsophisticated real estate borrower/investor, he is actually quite the opposite. When the Debtor applied for the subject loan with Flushing, he completed a loan application in which he disclosed that he owned 6 different pieces of real property, 5 of which were mixed-use commercial

FCD/D1013545v1/M063832/C0142140

300 Garden City Plaza, Garden City, NY 11530  |  Tel: 516.746.8000  |  Fax: 516.393.8282  |  www.jaspanllp.com
56 Park Avenue, Suffern, NY 10901  |  Tel: 845.357.0036  |  Fax: 845.357.0297  |  The Right Decision



In re Geoffrey M. James
Page 2
January 30, 2015

properties. A copy of such loan application (redacted to remove personal information) is annexed hereto. The loan application further indicates that the Debtor was the borrower on nine (9) then-existing real estate loans. *Id.*

Furthermore, since 1985, the Debtor has given over 20 different mortgages to various lenders as security for loans made to him. A copy of a printout from the New York Department of Finance, Office of the City Register, evidencing such mortgages, is annexed hereto.[1]

Considering the Debtor's long history as a real estate owner, investor and borrower, it is disingenuous for him to now claim that he was unsophisticated at the time he executed the subject loan documents.

Likewise, the Debtor has not and cannot establish the Flushing engaged in overreaching with respect to the subject loan. Black's Law Dictionary defines overreaching as "[t]he act or instance of taking unfair commercial advantage of another, esp. by fraudulent means" (9th ed. 2009).

First, in the Declaration of the Debtor in opposition to Flushing's motion for relief from the automatic stay (the "Declaration"), the Debtor acknowledges that he was represented by counsel in connection with the subject loan transaction with Flushing. *See* Docket Entry No. 21, ¶ 5. Second, the Debtor does not allege that Flushing took unfair commercial advantage of him; rather, his complaints appear to be directed at his own mortgage broker and attorney. *Id.*, ¶¶ 3, 5, 6, 7. Finally, the Debtor remarkably admits that he did not even review the subject mortgage before he signed it "since [he] relied on the mortgage broker and the attorney who represented [him] to warn [him] if the terms of the mortgage were not favorable to [him]." *Id.*, ¶ 6. Under these facts, it is hard to fathom how the Debtor could honestly believe that Flushing engaged in overreaching.

The Debtor is required to pay all pre-petition default interest as a condition to reinstatement of the loan with Flushing and his attempts to avoid this responsibility should not be allowed.

Respectfully submitted,

Frank C. Dell'Amore

---

[1] The actual mortgages are voluminous, but can be presented upon request.

JASPAN SCHLESINGER LLP
ATTORNEYS AT LAW

In re Geoffrey M. James
Page 3
January 30, 2015

Encl.

cc: Norma Ortiz, Esq.
    Geoffrey M. James